IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| MATTHEW SCOTT EASH, | ) | CASE NO: 4:04cv3196 |
| | ) | |
| Plaintiff, | ) | |
| | ) | MEMORANDUM |
| vs. | ) | AND ORDER |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on filing no. 15, the Motion for Summary Judgment filed by the defendant, the United States of America. According to the defendant, the plaintiff, Matthew Scott Eash, filed "zero" income tax returns for tax years 2001 and 2002, i.e., returns answering "0" in every space in which information concerning income earned and tax liability incurred should have been stated. The plaintiff also claimed a refund for the taxes withheld from his wages during those tax years. (See, e.g., filing no. 18, Exh. F, plaintiff's 2001 return dated April 15, 2002.) Exhibit F indicates that the plaintiff attached to his 2001 return a litany of reasons why the law does not support the collection of income taxes.

The Internal Revenue Service ("IRS") imposed two $500 penalties pursuant to 26 U.S.C. § 6702(a), which states:

    (a) Civil penalty.--If--

    (1) any individual files what purports to be a return of the tax imposed by subtitle A but which--
    (A) does not contain information on which the substantial correctness of the self-assessment may be judged, or
    (B) contains information that on its face indicates that the self-assessment is substantially incorrect; and

    (2) the conduct referred to in paragraph (1) is due to--
    (A) a position which is frivolous, or

(B) a desire (which appears on the purported return) to delay or impede the administration of Federal income tax laws,

then such individual shall pay a penalty of $500.

After the IRS sent a Notice to the plaintiff requesting payment of the penalties, the plaintiff failed to pay, and the IRS issued a Notice of Intent to Levy dated December 8, 2003. At that point, in accordance with the IRS' Notice, the plaintiff requested a Collection Due Process ("CDP") hearing pursuant to 26 U.S.C. § 6330, to challenge the proposed levy.

At the CDP hearing, rescheduled to April 9, 2004 at the plaintiff's request, the IRS Appeals Officer reviewed the record, including IRS computer transcripts, and concluded that the penalty assessments were valid. After the hearing, the IRS Appeals Team Manager issued a Notice of Determination dated April 29, 2004 (filing no. 18, Exh. G) informing the plaintiff that the Notice of Intent to Levy had been appropriate; that the plaintiff's challenge to the underlying penalty assessments was frivolous; that collection activity would proceed, and that the plaintiff could file a complaint in federal district court within thirty days to obtain judicial review of the determination.

The plaintiff then filed his complaint pursuant to 26 U.S.C. § 6330(d)(1). In his communications with the IRS, the plaintiff repeatedly asserted arguments concerning the illegality of taxes on his wages, the absence of authority for any IRS agent or official to collect funds from him, impose penalties or levy upon his assets, and the history of criminal behavior by the IRS. In his complaint, the plaintiff asks this court to declare the IRS determination invalid and the CDP hearing defective, to reimburse the plaintiff for his costs

of bringing this action, and to award the plaintiff punitive damages for the defendant's "lawless actions."

The plaintiff has not responded to the defendant's Motion for Summary Judgment, and in light of the record and the applicable law, the Motion will be granted. All of the plaintiff's arguments concerning the invalidity of the tax laws and the defective nature of his CDP hearing have been rejected by other federal courts. For example, the income tax laws of the United States do apply to income earned by individuals. Jones v. Commissioner, 338 F.3d 463, 466 (5th Cir. 2003). Also, in this case, the record establishes that the plaintiff received the notices and demands required by 26 U.S.C. § 6331(a).[1]

The IRS did not violate 26 U.S.C. § 6330(c)(1), which states: "The appeals officer shall at the hearing obtain verification from the Secretary that the requirements of any applicable law or administrative procedure have been met." See generally Turner v. United States, 372 F. Supp.2d 1053, 1059 (S.D. Ohio 2005):

> Turner asserts that the IRS did not comply with the law, specifically 26 U.S.C. § 6330, because the hearing officer failed to present verification and delegation of authority from the Secretary .... [T]his Court disagrees. Courts have consistently rejected the argument that the IRS must produce evidence of delegated authority from the Secretary of the Treasury:
>
> Relevant statutes and regulations demonstrate ... that the Secretary does have the power to collect taxes, and that such power can be delegated to local IRS agents .... The delegation of authority down the chain of command, from the Secretary, to the Commissioner of the Internal Revenue, to local IRS employees constitutes a valid delegation by the Secretary to the Commissioner, and a redelegation by the Commissioner to the delegated officers and employees.

---

[1] See 6 U.S.C.A. § 6330(a)(1): "No levy may be made on any property or right to property of any person unless the Secretary has notified such person in writing of their right to a hearing under this section before such levy is made. Such notice shall be required only once for the taxable period to which the unpaid tax specified in paragraph (3)(A) relates."

(Citations omitted.) Accord Borchardt v. Commissioner, 338 F. Supp.2d 1040, 1044 (D. Minn. 2004):

> Borchardt argues that the IRS wrongfully failed to provide him with the "verification from the Secretary that the requirements of any applicable law or administrative procedure have been met." This well-worn argument has been considered and rejected by numerous courts:
>
> The requirement in Section 6330(c)(1) that the appeals officer obtain verification from the Secretary of the Treasury at the hearing that all applicable law and administrative procedures have been complied with does not require the IRS to provide the taxpayer with documentation of the verification .... Rather, the verification requirement is merely imposed to ensure that IRS officials review the file prior to the hearing to ensure the proper procedures have been followed.

(Citations omitted.)

The IRS is not required to provide the taxpayer at a CDP hearing with the name, title, and job description of the IRS employees who imposed the penalties. Turner v. United States, 372 F. Supp.2d 1053,1059-60 (S.D. Ohio 2005) ("This information is not relevant to whether the penalty imposed was proper .... Federal courts have also deemed arguments like this to be 'frivolous.'") Accord Borchardt v. Commissioner, 338 F. Supp.2d 1040, 1043 (D. Minn. 2004) ("[B]ecause the identity of IRS employees who determined a taxpayer's return to be frivolous is not relevant to whether the imposition of the frivolous filing penalty was proper, the Government is not required to produce either the employees or their identities.").

The plaintiff is incorrect in arguing that a CDP hearing must necessarily include "testimony." The IRS Appeals Officer may rely on computer transcripts. Le Doux v. United States, 375 F. Supp.2d 1242, 1246 (D. N.M. 2005) (citations omitted). See also Jones v. Commissioner, 338 F.3d 463, 466-67 (5th Cir. 2003) (the Appeals Officer may

determine from IRS records whether legal and administrative procedures were followed by the IRS employees responsible for issuing penalties).

Having reviewed all of the plaintiff's challenges to the conduct of the IRS, the court finds the plaintiff's arguments to be without merit. The defendant's Motion for Summary Judgment will be granted, and a separate judgment dismissing the plaintiff's complaint and this action will be entered accordingly.

IT IS SO ORDERED.

DATED this 30th day of January, 2006.

BY THE COURT:

s/Laurie Smith Camp
Laurie Smith Camp
United States District Judge